```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
                                      :
LIZABETH LEINMILLER                   :
                                      :
        v.                            :    2:02-CV-03554
                                      :
FIDELITY LEASING, INC., et al.        :
_____:

## ANSWER

Defendants Fidelity Leasing, Inc., CitiGroup, and Thomas Ellis hereby answer plaintiff's Amended Complaint in the above-captioned action as follows:

1. Defendants admit that plaintiff has invoked this Court's jurisdiction pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1343(4) and 1367.

2. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied. Defendants specifically deny plaintiff was subjected to any "sexual [sic] discriminatory employment practices."

3. Denied. Defendants specifically deny that any "unlawful employment practices" were committed.

4. Admitted, except defendants deny knowledge and information sufficient to form a belief as to plaintiff's citizenship or current address.

5. Denied in part, admitted in part. It is admitted that during plaintiff's employment Fidelity Leasing, Inc.'s ("Fidelity") offices were located at 1255 Wrights Lane, West Chester,

Pennsylvania, 19380. The remaining allegations of this paragraph are denied.

6. Denied in part, admitted in part. It is admitted that at some point after plaintiff resigned from Fidelity, CitiGroup purchased Fidelity. The remaining allegations of this paragraph are denied.

7. Denied in part, admitted in part. It is admitted that Thomas Ellis was the Executive Vice President for Fidelity until it was purchased by CitiGroup. The remaining allegations of this paragraph are denied.

8. It is admitted that CitiGroup purchased Fidelity some time after plaintiff resigned her position with Fidelity.

9. Denied in part, admitted in part. It is admitted that plaintiff filed an EEOC complaint on August 7, 2000, and that plaintiff received a Notice of Right to Sue from the EEOC on March 28, 2002. The remaining allegations of this paragraph are denied.

10. Admitted.

11. Denied. Defendants specifically deny that plaintiff "has been subjected to different terms and conditions of employment than similarly situated male employees."

12. Admitted.

13. Admitted.

14. Denied in part, admitted in part. It is admitted that plaintiff's salary was less than Lawrence Blackmon's. It is further admitted that plaintiff did not receive stock options. It is further admitted that plaintiff received a car allowance

beginning December 1, 1999. The remaining allegations of this paragraph are denied.

    15. Denied.

    16. Denied.

    17. It is admitted that Eugene Fisher was promoted to the position of Vice President of Operations in January 2000.

    18. Admitted.

    19. Denied in part, admitted in part. It is denied that plaintiff performed the responsibilities of Vice President of Operations after Mr. Fisher resigned. It is admitted that plaintiff was not given the title or the salary that Mr. Fisher received in the position of Vice President of Operations. The remaining allegations of this paragraph are denied.

    20. Denied.

    21. Denied.

    22. Denied.

    23. Denied.

    24. Denied.

**Count I**
**Lizabeth Leinmiller v. Fidelity**
**Title VII**

    25. Defendants incorporate the responses set forth in the preceding paragraphs.

    26. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

27. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

28. Denied. All liability is specifically denied.

29. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

30. Denied. All liability is specifically denied.

31. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

32. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

## Count II
### Lizabeth Leinmiller v. Fidelity and Thomas Ellis
### Equal Pay Act Violation

33. Defendants incorporate the responses set forth in the preceding paragraphs.

34. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

35. Denied.

36. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

37. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied. To the extent further response is required, defendants specifically deny that plaintiff "perform[ed] the same or substantially similar jobs that required substantially equal skill, effort and responsibility under similar working conditions."

38. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

### Count III
### Lizbeth Leinmiller v. CitiCapital Corporation
### Title VII

39. Defendants incorporate the responses set forth in the preceding paragraphs.

40. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

41. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

42. Denied. All liability is specifically denied.

43. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

44. Denied. All liability is specifically denied.

45. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

46. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

### Count IV
### Lizabeth Leinmiller v. CitiCapital Corporation
### Equal Pay Act Violation

47. Defendants incorporate the responses set forth in the preceding paragraphs.

48. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

49. Denied.

50. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

51. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied. To the extent further response is required, defendants specifically deny that plaintiff "perform[ed] the same or substantially similar jobs that required substantially equal skill, effort and responsibility under similar working conditions."

52. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

## Count IV
**Lizabeth Leinmiller v. Fidelity and CitiCapital Corporation
Equal Pay Act Violation**

53. Defendants incorporate the responses set forth in the preceding paragraphs.

54. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

55. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

56. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

57. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, and are therefore denied.

58. Denied. All liability is specifically denied.

### AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. At all relevant times, defendants acted reasonably concerning plaintiff's employment and employment opportunities.

3. Any damages sustained by plaintiff are the result of her own actions or inactions, or the actions or inactions or persons not within the control of defendants.

4. Plaintiff voluntarily resigned from her job on June 2, 2001.

WHEREFORE, Fidelity Leasing, Inc., CitiGroup, and Thomas Ellis respectfully request that the Amended Complaint be dismissed in its entirety and that the Court grant such other and further relief as it deems just and proper.

>                            Respectfully submitted,
>
>
>                            _____
>                            FRANK CONLEY
>                            Miller, Alfano & Raspanti
>                            1818 Market Street, Suite 3402
>                            Philadelphia, PA  19102
>                            (215) 972-6400

Dated:

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
                                    :
LIZABETH LEINMILLER                 :
                                    :
          v.                        :     2:02-CV-03554
                                    :
FIDELITY LEASING, INC., et al.      :
_____:

**<u>CERTIFICATE OF SERVICE</u>**

    I, Frank Conley, certify that a true and correct copy of the foregoing was served by first-class mail, postage prepaid, upon:

> Dennis Abrams, Esq.
> Lowenthal & Abrams
> 555 City Line Avenue, Suite 440
> Bala Cynwyd, PA  19004

                                                _____
                                                Frank Conley, Esquire

DATED:

F:\PBL\FJC\Fidelity-Leimiller\Answer.wpd